UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MONIQUE GRANT, | ) | CASE NO. 1:12CV1159 |
| | ) | |
| Plaintiff, | ) | JUDGE LESLEY WELLS |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | **REPORT AND RECOMMENDATION** |
| Commissioner of Social Security, | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| Defendant. | ) | |

This matter is before the undersigned for a Report and Recommendation on Plaintiff Monique Grant's ("Plaintiff") application for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). ECF Dkt. #s 22, 26. Plaintiff filed her application on October 15, 2013. ECF Dkt. #22. On November 5, 2013, Defendant Carolyn W. Colvin ("Defendant"), Commissioner of the Social Security Administration ("SSA"), filed an opposition brief, asserting that her position was substantially justified. ECF Dkt. #24. Plaintiff filed a reply brief on November 13, 2013. ECF Dkt. #25. Judge Wells referred the instant application to the undersigned on November 14, 2013. ECF Dkt. #26.

For the following reasons, the undersigned recommends that the Court GRANT Plaintiff's application for attorney fees and AWARD Plaintiff attorney fees in the amount of $7,615.11. ECF Dkt. #22.

## I. LAW AND ANALYSIS

### A. EAJA

On July 17, 2013, the Court adopted the undersigned's Report and Recommendation and

reversed and remanded the decision of the Commissioner. ECF Dkt. #s 19, 21. The EAJA provides that a plaintiff shall be awarded attorney fees when she is the prevailing party in a suit against the government, unless the government's position is substantially justified or if special circumstances prevent an award. 28 U.S.C. § 2412(d)(1). The district court has discretion in determining the amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also Reed v. Rhodes*, 179 F.3d 453, 469 (6th Cir. 1999).

### 1.     PREVAILING PARTY

Defendant does not dispute that Plaintiff is a prevailing party.

### 2.     SUBSTANTIALLY JUSTIFIED

Defendant contends that her position was substantially justified in this case. The standard for reviewing whether substantial justification exists for the government's position is a lower standard than the substantial evidence standard that this Court uses in determining whether the SSA's final disability decision should be upheld. *Pierce v. Underwood*, 487 U.S. 552, 559, 101 L.Ed.2d 490 (1988); *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 507 (6th Cir. 1998).

The standard of substantial justification means that the SSA's final decision is supported to a degree that would satisfy a reasonable person, even if it was not ultimately a correct position. *Pierce*, 487 U.S. at 566. The government's position must therefore have a "reasonable basis both in law and fact." *Id.* at 559-560. The government carries the burden of showing that its position met the substantial justification standard. *E.W. Grobbel Sons., Inc. v. NLRB*, 176 F.3d 875, 878 (6th Cir. 1999). In reviewing whether the government's position was substantially justified, the Court looks both at the position taken by the government in the civil action and at the action or failure to act by

the agency upon which the civil action is based. 28 U.S.C. § 2412(d)(2)(D).

Defendant first asserts that her position was substantially justified because the Court ruled in Plaintiff's favor on only one of her assertions of error. ECF Dkt. #24 at 4-5. It is true that Defendant did prevail on one of the three issues raised by Plaintiff. The Court declined to rule on one of the issues raised by Plaintiff and the Court ruled in favor of Plaintiff on the treating physician assertion of error. However, the standard for determining substantial justification under the EAJA is not whether the Court found all of the issues raised by Plaintiff to be meritorious, but whether Defendant has met her burden of showing that her position has a reasonable basis in law and fact. *Pickering v. Mukasey*, 306 Fed. App'x. 246, 248 (6th Cir. 2009). Accordingly, the number of issues raised by Plaintiff that were accepted or rejected by the Court has little bearing on the burden required by Defendant to show substantial justification for her position.

Defendant next contends that her position in defending the ALJ's analysis of the treating physicians' opinions was substantially justified because the ALJ's analysis was not wholly lacking in good reasons for discounting those opinions. ECF Dkt. #24 at 4-5. Defendant fails to cite any legal authority to support her assertion.

However, in *Ratliff v. Commissioner of Social Security*, No. 10-4528, 465 Fed. App'x 459, 2012 WL 593120 (6th Cir. Feb. 24, 2012), unpublished, the Sixth Circuit Court of Appeals held that the district court acted within its discretion in denying EAJA attorney fees and finding that the government's position was substantially justified in defending the ALJ's decision. The district court found that the government reasonably defended the ALJ's decision even though the ALJ insufficiently articulated reasons for giving less than controlling weight to the opinion of the plaintiff's treating physician. *See id*. While finding substantial justification for the government's

-3-

position, the *Ratliff* Court did not create a "per se" rule that the government's position is substantially justified every time a court remands a case in order for the court to correct an articulation deficiency. *Ratliff,* 2012 WL 593210, at *3.

The undersigned recommends that the Court find that Defendant's position in defending the ALJ's decision in this case is not substantially justified. Similar to *Ratliff*, the instant case concerns articulation deficiencies made by the ALJ in attributing less than controlling weight to the opinions of Drs. Gerblich and Vizy, Plaintiff's treating pulmonologist and treating physician. However, here, the ALJ failed to adequately explain why he attributed less than controlling weight to these opinions by making generic references to "largely" normal neurological and musculoskeletal findings and failing to discuss the doctors' limitations in conjunction with the abnormal pulmonary findings found by Dr. Gerblich, Plaintiff's treating pulmonologist, and other specialists. As Plaintiff points out, her lung disease was the major health problem upon which she based her claim.

Further, although he cited to it, the ALJ in the instant case failed to discuss any of the factors of 20 C.F.R. § 404.1527(d)(2) in addressing the opinions of Drs. Gerblich and Vizy. While he need not have addressed each factor in his decision, the ALJ did not address any of the factors in deciding to give the opinions of the doctors, particularly that of treating pulmonologist Dr. Gerblich's, less than controlling weight. And finally, the ALJ failed to explain why he did not attribute at least great deference to either of the doctors' opinions as required by the agency's own rules and caselaw. *See* SSR 96-2p, *Rogers v. Comm'r of Soc. Sec*., 486 F.3d 234, 242-243 (6th Cir. 2007). Such reasoning is "routinely rejected as insufficient to satisfy the procedural requirements set forth in the regulations and the Administration's own rulings." *Conley ex rel. N.C. v. Comm'r of Soc. Sec*., No. 1:12-cv-1367, 2013 WL 3280315, at *3 (N.D. Ohio June 27, 2013).

Accordingly, the undersigned recommends that the Court find that Defendant's position was not substantially justified in defending the ALJ's decision. Thus, the government's position was neither "justified in substance or in the main" for purposes of EAJA. *Pierce*, supra at 565.

### 3. NO SPECIAL CIRCUMSTANCES

The Court finds that this case does not involve any special circumstances that would make an award of fees unjust. Accordingly, the Court finds that Plaintiff is entitled to an award of attorney fees under the EAJA.

### B. REASONABLENESS OF FEES AND COSTS

Once a determination is made that attorney's fees should be awarded under the EAJA, the Court must determine if that fee is reasonable. *Commissioner, INS v. Jean*, 496 U.S. 154, 161 (1990). The EAJA permits an award only of reasonable attorney fees. *See* 28 U.S.C. §2412(d)(2)(A). Absent extraordinary circumstances, the average number of hours for an attorney to work on a routine Social Security case ranges from 30 to 40. *Hayes v. Sec'y of Health and Human Serv.*, 923 F.2d 418, 420 (6th Cir.1990). Although the EAJA limits attorneys fees to the litigation process, 28 U.S.C. §2413(a)(1), this includes the EAJA application process. *I.N.S. Comm'r v. Jean*, 496 U.S. 154, 162, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). Fees are determined under the EAJA not by calculating a percentage of the amount that a claimant recovers, "but by the 'time expended' and the attorney's '[hourly] rate,'" which was capped in March 1996 at $125.00 per hour. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002).

Courts may award higher fees, but only if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." *Id*., quoting 28 U.S.C. § 2412(d)(2)(A)(ii). The burden lies with the fee applicant to establish the entitlement to an award of fees. *Hensley v. Eckerhart*, 461 U.S.

424, 433 (1983). The decision to make adjustments to the hourly rate based upon increases in the Consumer Price Index ("CPI") as to the cost of living are left to the sound discretion of the district court. *Begley v. Sec'y of Health and Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992)(citations omitted).

Defendant makes no challenges to the reasonableness of the attorney fees requested by Plaintiff or to the number of hours expended by counsel. The undersigned has reviewed the hourly rate and hours expended by Plaintiff's counsel and finds them reasonable. Based upon a total of 43.50 hours at a rate of $175.06 per hour, the undersigned recommends that the Court find that Plaintiff is entitled to $7,615.11.

## II. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court GRANT Plaintiff's application for attorney fees under the EAJA and AWARD Plaintiff attorney fees in the amount of $7,615.11. ECF Dkt. #22.

Date: March 6, 2014  */s/George J. Limbert*
GEORGE J. LIMBERT
UNITED STATES MAGISTRATE JUDGE